IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SAFECO INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4256-CV-C-NKL |
| ) | |
| RUSTY HOUT, SHERRY HOUT, and ) | |
| REGGIE HOUT, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This is a case about two insurance policies issued by two insurers to one family. The first is a business auto policy issued by American States Insurance Company ("American States"). The second is a personal auto policy issued by Safeco Insurance Company of America ("Safeco").[1] Defendants Rusty Hout and Sherry Hout were injured when the car they were riding in was involved in a one vehicle accident. Reggie Hout, their son, was the driver. As a result of the accident, Rusty and Sherry Hout brought bodily injury claims against their son. The family has already collected on the American States business auto policy, and now seeks to collect on the Safeco personal auto policy. In response to the family's collection efforts, Plaintiff Safeco filed an amended complaint

---

[1] Defendants note that Safeco Corporation owns American States. The parties have not submitted evidence regarding the relationship between Safeco Corporation and Safeco Insurance Company of America. Regardless, American States' status as a Safeco subsidiary is inconsequential to the legal analysis contained in this Order.

1

for declaratory judgment that the vehicle is not covered by the Safeco personal auto policy. Pending before the Court is Safeco's Motion for Summary Judgment [Doc. # 57]. For the reasons set forth herein, Safeco's motion will be granted.

**I.      Factual Background**

On April 3, 2000, the Hout family purchased a 1995 Mitsubishi Montero ("the Montero") with the intention that it would be used in the family business, Russ's Pump Sales and Service Company. The family also intended for Reggie Hout to drive the Montero as his personal vehicle. On the same day as the purchase, Rusty Hout contacted the Jim Otten Insurance Agency, who handled both the family's business and personal insurance coverage. Rusty Hout indicated that the Montero would be titled in the name of Russ's Pump Sales and Service Company. There is no evidence that Rusty Hout told the Otten Agency that his son would drive the Montero. Though Rusty Hout did not intend to pay two premiums to insure the Montero, he never paid attention to which insurance company the policies were actually placed with.

The accident occurred six days later. As a result of the accident, Reggie Hout became legally responsible for his parents' injuries. The Hout's American States business auto policy included a $100,000 coverage limitation, which was fully exhausted as a result of Rusty and Sherry Hout's bodily injury claims.

The Hout's Safeco personal auto policy states in part: "We will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident." [Personal Auto Policy at 2]. But, the policy does "not

2

provide Liability Coverage for the ownership, maintenance or use of . . . [a]ny vehicle, other than your covered auto, which is: (a) owned by you; or (b) furnished or available for your regular use." [Personal Auto Policy at 3]. The definition of "your covered auto" includes newly acquired private passenger vehicles but only "if [the policyholder] ask[s] [Safeco] to insure the newly acquired vehicle during the policy period in which it was acquired or within thirty days after [the policyholder] become[s] the owner, whichever is greater." [Personal Auto Policy at 1].

The Safeco personal auto policy contains a medical payments coverage exclusion: "We do not provide Medical Payments Coverage for any insured for bodily injury . . . [s]ustained while occupying, or when struck by, any vehicle (other than your covered auto) which is . . . owned by you." [Personal Auto Policy at 5].

**II.   Discussion**

Safeco asks the Court for two determinations: (1) Does Reggie Hout have liability coverage under his parents' personal auto policy?; and (2) Does the personal auto policy provide medical payments coverage to Rusty and Sherry Hout for injuries sustained in the accident?

    **A.  Reggie Hout's Liability Coverage**

Reggie Hout's liability coverage under the Safeco personal auto policy depends on whether the Montero itself was insured under the Hout's personal auto policy. The Court interprets the family's insurance policies under Missouri state law. *American Family Mutual Ins. Co. v. Co Fat Le*, 439 F.3d 436, 439 (8th Cir. 2006). Under Missouri law, the

3

family has the burden to prove coverage under Safeco's personal auto policy. *Christian v. Progressive Cas. Ins., Co.*, 57 S.W.3d 400, 403 (Mo. Ct. App. 2001); *Citizens Ins. Co. of America v. Leiendecker*, 962 S.W.2d 446, 451 (Mo. Ct. App. 1998) ("The burden of proving coverage is upon [the insured], the party who would seek to recover under the policy, even though the insurer . . . brought the declaratory judgment action."). If the family establishes coverage under the personal auto policy, then Safeco has the burden to prove that a policy exclusion applies. *Id.*

As a newly acquired vehicle, the Montero would be eligible for coverage under the Safeco personal auto policy if the family had asked Safeco to insure it during the policy period in which it was acquired or within thirty days after the family became its owner, whichever is greater. However, the family has submitted no evidence that Safeco was on notice of the family's desire to have the Montero covered on its personal auto policy.

After purchasing the Montero, Rusty Hout contacted the Jim Otten Insurance Agency and requested coverage. During this conversation, Rusty Hout informed the Otten Agency that the Montero would be titled in the name of Russ's Pump Sales and Service Company. Accordingly, the Montero was insured under the family's American States business auto policy. Neither party has submitted evidence that any member of the family informed the Otten Agency that the Montero was to be covered under the personal auto policy. Furthermore, the family has submitted no evidence that Safeco was directly asked by anyone to insure the Montero on the family's personal auto policy. In fact, when asked if he expected the Montero to be insured under the personal auto policy,

4

Rusty Hout testified that he "never even thought about it." [Opp. at ¶ 30]. The family now argues that while "it was not [Rusty Hout's] plan to pay two premiums to insure [the Montero] . . . he never testified that he did not intend the car to be insured under two policies." [Opp. at ¶ 30]. Nothing in the record suggests that the family ever insured any one vehicle on more than one policy. The family must submit some evidence that it asked Safeco to insure the Montero under the Safeco personal auto policy in order to satisfy its burden to prove coverage. The family has failed to do so. Accordingly, the Montero does not fit the definition of "your covered auto" and Reggie Hout has no liability coverage under the Safeco personal auto policy.

      **B.**     **Medical Payments to Rusty and Sherry Hout**

The Safeco personal auto policy excludes medical payments coverage "for any insured for bodily injury . . . [s]ustained while occupying, or when struck by, any vehicle (other than your covered auto) which is . . . owned by you." [Personal Auto Policy at 5]. As discussed in the previous section, the Montero does not fit the definition of "your covered auto." Furthermore, Rusty and Sherry Hout admit they owned the Montero. Therefore, the medical payments coverage exclusion applies, and neither Rusty nor Sherry Hout is entitled to medical payments coverage under the Safeco personal auto policy.

**III.**    **Conclusion**

      Accordingly, it is hereby

      (1)     ORDERED that Safeco Insurance Company of America's Motion for

Summary Judgment [Doc. # 57] is GRANTED and it is DECLARED that (1) Reggie Hout has no liability coverage under the Safeco personal auto policy, and (2) the policy does not provide medical payments coverage to Rusty and Sherry Hout for injuries sustained in the accident.

                                        s/ Nanette K. Laughrey
                                        NANETTE K. LAUGHREY
                                        United States District Judge

DATE:  October 3, 2006
Jefferson City, Missouri